UNITED STATES of America,

v.

Akeem Taiwo SOSANYA, a/k/a David Bundy, a/k/a Andrew Leslie Barr, a/k/a Michael Darren Franklin Akeem Taiwo Sosanya, Appellant.

No. 02–1017.

United States Court of Appeals,
Third Circuit.

Argued on Dec. 2, 2002.

Decided Jan. 31, 2003.

956

Patrick L. Meehan, United States Attorney, Laurie Magid, Deputy United States Attorney for Policy and Appeals, Robert A. Zauzmer, Assistant United States Attorney, Senior Appellate Counsel, Christopher R. Hall (Argued), Assistant United States Attorney, Philadelphia, PA, for Appellee.

Michael E. Brunnabend, (Argued), Allentown, PA, for Appellant.

Before ROTH, SMITH, Circuit Judges and CUDAHY,* Circuit Judge.

## OPINION

ROTH, Circuit Judge.

Defendant Akeem Taiwo Sosanya pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344 and one count of possession of a counterfeit passport in violation of 18 U.S.C. § 1546. He appeals his sentence of 27 months in prison. Pursuant to § 2F1.1(b)(5)(B) of the Sentencing Guidelines, the District Court applied a two level enhancement to his sentence because the offense involved the production of an unauthorized counterfeit access device. Sosanya claims that the District Court committed clear error in applying this enhancement, as his relevant conduct did not include involvement in the production of the counterfeit credit cards.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 to review the final judgment of the District Court. Whether

a defendant's actions in furtherance of a bank fraud scheme constitute "relevant conduct" is a determination of fact. *United States v. Perez,* 280 F.3d 318, 352 (3d Cir.2002). We review the District Court's finding of fact for clear error and give due deference to its application of the Sentencing Guidelines to the facts. 18 U.S.C. § 3742(e). Because we find no such error here, we will affirm the two level enhancement under § 2F1.1(b)(5)(B).

Under § 2F1.1(b)(5), if the offense involved the production or trafficking of any unauthorized access device or counterfeit access device, the offense level is increased by 2. If production or trafficking in counterfeit access devices is a reasonably foreseeable act that occurred during the commission of the offense or in preparation for that offense, § 1B1.3(a) of the Guidelines prescribes that that conduct is relevant.

Sosanya and co-defendants, Lloyd Mbamali, Suzanne Moses, and another unnamed individual, went from London to the United States. The day before the trip, Mbamali gave them counterfeit credit cards. Once in the United States, they drew cash advances from several banks, using the counterfeit credit cards, and wired the money back to London. On October 19, 2000, two weeks before the trip to the United States, the "Doctor," the leader of the scheme, had also sent Sosanya and Moses to Paris, France, where they used counterfeit credit cards, which may or may not have been the same cards used in the United States, to rent two automobiles. The automobiles were later reported stolen.

Sosanya was involved in the scheme to commit bank fraud at least as early as the trip to Paris. Accordingly, all activity on or after October 19, 2000, involving that nation.

---

* Honorable Richard D. Cudahy, Circuit Court Judge for the Seventh Circuit, sitting by desig-

scheme, may be attributed to Sosanya for purposes of sentence enhancement.

The District Court found that Sosanya met the "Doctor" in England, knew about the credit card/bank fraud scheme, and expressed interest in conducting this scheme in the United States. The District Court also found that the production of counterfeit credit cards was "part of the relevant conduct of the conspiracy," and that Sosanya knew about a credit card making machine and a computer that contained the numbers. The District Court concluded that, as part of the relevant conduct concerning the conspiracy, it was reasonably foreseeable by Sosanya that the Doctor and Mbamali would produce the counterfeit credit cards in furtherance of the bank fraud scheme.

We conclude that the District Court appropriately considered the production of counterfeit credit cards, regardless of whether Sosanya actually took part in their production. Although "the scope of the criminal activity jointly undertaken by the defendant … is not necessarily the same as the scope of the entire conspiracy," conduct is relevant conduct if it is within the scope of the "criminal activity that the defendant agreed to jointly undertake" and is "reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3, Application Note 2. The bank fraud scheme that Sosanya agreed to jointly undertake could not be accomplished without the production of the counterfeit credit cards. It was, therefore, reasonably foreseeable to Sosanya that the counterfeit credit cards needed to be produced in order to accomplish this scheme. The District did not commit clear error in finding that the cards were produced after Sosanya joined the scheme. Therefore, the District Court properly applied § 2F1.1 to enhance Sosanya's offense level.

For the foregoing reasons, we will affirm the judgment of sentence of the District Court.